UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
NIESHA MCKNIGHT, CHYNA SCOTT,
CHRISTOPHER SCOTT and JONATHAN SPRAUS,        17-CV-3000 (ARR)(VMS)

       Plaintiffs,

-against-

DETECTIVE JOSEPH CORTRIGHT, POLICE
OFFICER FRANCIS NOONAN, SERGEANT
CHRISTOPHER SCHMITT, and DETECTIVE JORGE
SALAZAR, all of whom are sued individually and in
their official capacities, all of whom are sued
individually and in their official capacities,

       Defendants.
-------------------------------------------------------------------

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Dated: New York, New York
    September 28, 2018

               Aaron M. Rubin, Esq.

               9 East 40th Street, 11th Floor
               New York, New York 10016
               Tel.: (212) 725 - 4600
               *Attorney for Plaintiffs*

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted on behalf of Plaintiffs in opposition to Defendants' motion for summary judgment.

**ARGUMENT**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED**

Summary judgment should be granted only "when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law." Wharton v. County of Nassau, 2010 U.S. Dist. LEXIS 99174, *6 (E.D.N.Y. Sept. 20, 2010) (citations omitted); see Fed. R. Civ. P. 56(c). "A genuine issue of material facts exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id.

Defendants' factual 56.1 statement remarkably omits any reference to this lawsuit's central and most disturbing allegations of excessive force against Detective Salazar, in which he is accused of unnecessarily and violently throwing a pregnant Niesha McKnight to the ground on her stomach. (See generally Defendants' 56.1 statement, paragraph 7, and Plaintiff's response in paragraphs 7a-7p)

Defendant police officers testified they recovered a single bullet from Plaintiff Christopher Scott's room, a marijuana cigarette from Jonathan Spraus, and from a storage room: a scale and some plastic bags, and an unidentified plastic bottle containing a red liquid. The recovery of these items did not establish probable cause to

arrest Plaintiffs, and in any event, there simply was no reason to arrest Niesha McKnight and Chyna Scott for any of these items, which is presumably why police released them directly from the precinct without ever charging them with a crime.

With respect to the scale and bags, although police charged Christopher Scott and Jonathan Spraus with their possession as paraphernalia in violation of Penal Law Section 220.50, there was never any evidence observed that could have reasonably led police to believe these items were possessed with an intent to manufacture or sell narcotics (as the penal law requires). Police conceded in their testimony that the scale and bags were recovered in a storage room in the apartment.

Police officers testified in their depositions that they recovered, also from the storage closet, a red liquid in an unmarked bottle, which they inexplicably concluded was a narcotic – a determination for which they clearly had no training or knowledge. Based on that groundless belief, they additionally charged Christopher Scott and Jonathan Spraus with felony possession of narcotics. Not surprisingly, the liquid turned out not to be a controlled substance at all.

The arrests for paraphernalia and narcotics, relating to the scale, bags and unidentified liquid, were obviously false and without probable cause. Which is presumably the reason why those charges were entirely omitted from the criminal court complaint filed against Mr. Scott and Mr. Spraus.

Instead, the criminal court complaint charged Mr. Scott and Mr. Spraus together with possession of marijuana and ammunition (even though there was no basis to associate the bullet with Mr. Spraus because it was recovered from Mr. Scott's bedroom dresser, and there was no basis to associate the marijuana cigarette with Mr. Scott because it was recovered from Mr. Spraus' person).  Certainly Detective Cortright's signing of the recklessly charged complaint, which was filed in court, is enough to show that he initiated process against Spraus and Christopher Scott and did so with the requisite malice.  See, e.g., Nickey v. City of New York, 2013 US Dist. Lexis 141047 (EDNY 2013).  It would not be far-fetched to believe that Det. Cortright sought to justify his arrests with a complaint that was wrongly charged.  See, e.g., Khan v. Ryan, 145 F. Supp. 2d 280, 285 (E.D.N.Y. 2001) ("The element of malice does not connote actual spite or hatred, but means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.")

Police recovered the bullet only after Mr. Scott alerted them to its presence inside of his dresser drawer where he kept it alone in a jewelry box.  The recovery of this single bullet with no evidence of any intent or ability to use it in association with a firearm did not justify an arrest.  See, e.g., People v. Volkes, 771 N.Y.S.2d 797, 799 (Crim. Ct. 2003) (noting that an essential element of the offense requires that ammunition is "suitable to be fired")  For this reason, police therefore failed to name any specific statute in their arrest paperwork relating to the single bullet, and then charged an entirely irrelevant and inapplicable section of the administrative code in the criminal complaint, (the inapplicable charge in the complaint erroneously alleged a

crime prohibiting possession of a bullet that is a different caliber from a firearm that is lawfully possessed).

Nevertheless, Defendants contend that the arrests were valid, not only pertaining to Mr. Spraus and Mr. Scott, but with respect to Niesha McKnight and Chyna Scott, who were never alleged to have physically possessed any of the items recovered in the apartment. Defendants intend to now argue probable cause based only on the mistaken theory that any individual merely present in the apartment could have been validly arrested.

Finally, at the very least, a genuine issue of material fact exists as to Ms. McKnight's claim of excessive force against Det. Salazar. Ms. McKnight testified in her deposition that she was visibly six-months pregnant and without her shirt (dressed only in a bra) when police entered the apartment at dawn by force, and when Det. Salazar threw her to the ground on her stomach with her hands cuffed behind her back. Det. Salazar then pushed his knee into her back, and shouted obscenities at Ms. McKnight, in front of her family, with no justification. It is disappointing that the City of New York now argues that such conduct was justified or reasonable. In any event, that determination is an issue of fact that precludes summary judgment.

## CONCLUSION

   For the foregoing reasons, Defendants' motion for Summary Judgment should be denied.

Dated: New York, New York
    September 28, 2018

_____s/_____
Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
Tel.: (212) 725 - 4600
*Attorney for Plaintiffs*